IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IPFS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01059-DGK |
| | ) | |
| SUE ANN LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This is a breach of contract case relating to Defendant Sue Ann Lopez's ("Lopez") employment with Plaintiff IPFS Corporation ("IPFS"). The Complaint seeks a preliminary injunction prohibiting Lopez from soliciting business from IPFS's competitors as agreed in a non-compete/non-solicitation ("non-compete")[1] provision of Lopez's employment agreement. Six weeks before this case was filed, Lopez filed a declaratory judgment action in Texas state court seeking a declaration that the non-compete provision was overly broad and unenforceable.

Now before the Court is Lopez's motion to dismiss (Doc. 4). For the following reasons, the motion is denied.

**Background**

IPFS is a company that finances the payment of insurance premiums by marketing financing products to insurance brokers, who in turn, offer IPFS financial products to their customers, the insureds. From July 2015 until November 2017, Lopez was a sales representative for IPFS in Houston, Texas. As part of her employment, Lopez signed an employment agreement that included a non-compete provision. The non-compete provision dictates any court in Kansas

---

[1] Plaintiff refers to the provision at issue as "non-compete" while Defendant calls it "non-solicitation."

City, Missouri, "shall be the exclusive mandatory venue" for any dispute concerning the non-compete agreement and also provides that the non-compete is governed by Missouri Law (Doc. 9-1 at 4).

Lopez left IPFS in early November 2017, and began working for a competitor, U.S. Premium Finance. Shortly thereafter, on November 13, 2017, Lopez filed a lawsuit in the district court of Harris County, Texas, seeking a declaratory judgment that the non-compete provision of her employment agreement was overly broad and unenforceable.

On December 22, 2017, IPFS answered Lopez's state court petition and filed a motion to dismiss based on improper venue. On the same day, IPFS filed this breach of contract lawsuit, seeking a preliminary injunction to enforce the non-compete provision of Lopez's employment agreement. On February 8, 2018, the state court denied IPFS's motion to dismiss.

## Discussion

Lopez now moves the Court to dismiss this case because the Texas state court case is a parallel action.[2] IPFS first argues the two cases are not parallel and then argues that even if this case and the state court case are parallel, this Court should retain jurisdiction because exceptional circumstances, as defined in the *Colorado River* abstention doctrine, are not present. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (discussing the factors a district court should consider when there are parallel federal and state court actions).

The *Colorado River* abstention doctrine permits federal district courts to decline to exercise jurisdiction only "when [1] parallel state and federal actions exist and [2] exceptional

---

[2] Lopez incorrectly relies the "first-filed" rule, which only applies to parallel *federal* lawsuits. *See U. S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990) (discussing the first-filed rule as applied to parallel federal lawsuits).

2

circumstances warrant abstention." *Fru–Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).

In considering Lopez's motion to dismiss, the Court must first determine whether the two lawsuits are parallel actions and then must determine whether exceptional circumstances exist.

**I.    The Texas lawsuit is a parallel state court action.**

Lopez argues both cases are parallel because the same parties are litigating the enforceability of the non-compete provision of her employment agreement. IPFS argues the lawsuits are not parallel because the relief sought in each case is different: in the Texas case, Lopez seeks a declaratory judgment, and in this case, IPFS seeks a preliminary injunction.

To be parallel, "a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* When any doubt exists as to the parallel nature of concurrent state and federal proceedings, the district court cannot utilize *Colorado River* abstention doctrine to refuse jurisdiction. *Id.*

In arguing the cases are not parallel, IPFS states the Court could issue a preliminary injunction in this case without creating a conflicting ruling with the Texas case because the Court is not deciding the merits of Lopez's declaratory judgment action. This argument ignores that in order for the Court to grant a preliminary injunction to enforce the non-compete provision, IPFS would need to establish that it is valid and enforceable: the same issue present in the Texas case. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (instructing district courts that in considering a motion for a preliminary injunction, it should *weigh the movant's probability of success on the merits*, the threat of irreparable harm to the movant absent the

injunction, the balance between the harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest) (emphasis added).

Here, the Court finds there is substantial similarity between these two cases. The parties in both lawsuits are the same, the lawsuits center on the same employment agreement, and both lawsuits require interpretation of the non-compete provision. Additionally, the Court finds there is a substantial likelihood that the state case could fully dispose of the claims here. If the Texas state court grants Lopez's declaratory judgment action, that will likely resolve IPFS's breach of contract claim pending in this court. For these reasons, the Court finds the cases are parallel.

**II.      Considering the *Colorado River* factors, exceptional circumstances do not exist.**

Because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," the *Colorado River* abstention is appropriate only in "exceptional circumstances" where the surrender of federal jurisdiction is supported by "the clearest of justifications." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983). In determining whether a specific case presents "exceptional circumstances," a court must "tak[e] into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Colorado River*, 424 U.S. at 818-19.

Where parallel state and federal proceedings exist, the court examines the following six, non-exhaustive factors to determine whether exceptional circumstances are present that warrant abstention:

> (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed; (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases; (5) whether state or federal

4

> law controls, especially favoring the exercise of jurisdiction where federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). These factors are not intended to be applied as a "mechanical checklist," but should be weighed "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015). When examining the factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Id*. After careful consideration of the *Colorado River* factors, the Court finds exceptional circumstances do not exist.

Considering the first factor, because there is no *res* over which either court has established jurisdiction, this factor does not weigh into the exceptional circumstances determination.

The second factor is neutral. The Missouri federal forum may be inconvenient because Lopez lives and works in Texas. Further, the IPFS office Lopez worked at, along with her co-workers and supervisors, is in Texas which means discovery and witnesses are also likely to be in Texas. *See Starmount Life Ins. Co., Inc. v. Neal*, 4:08-CV-1317 (CAS), 2008 WL 5171304, at *2 (E.D. Mo. Dec. 8, 2008) (noting that the federal forum was less convenient to defendants who resided in the county in which the state action was pending). However, weighing against this inconvenience is the agreement between the parties to apply Missouri law in a Missouri forum. Considering the facts of this case, the Court finds the federal forum is not wholly inconvenient.

The third factor, the risk of piecemeal litigation, is the "predominant factor." *Federated Rural Elec.*, 48 F.3d at 297. The risk of piecemeal litigation is a significant concern in a situation such as this because "the federal and state courts could reach conflicting opinions on the same issue." *Spectra Commc'ns*, 806 F.3d at 121. The Court finds this factor weighs in favor of

abstention. Both actions involve the same issue, the validity and enforceability of the non-compete agreement. In order for the Court to grant a preliminary injunction or find in favor of IPFS on its breach of contract claim, IPFS would need to establish that the non-compete provision is valid and enforceable, the same issue present in the Texas case. Thus, a decision in this Court could result in a conflicting opinion on the same issue. Weighing against abstention is the lack of certainty that the Texas court will correctly apply Missouri law and enforce the Missouri forum selection clause. Considering the facts, the Court finds the risk of piecemeal litigation exists in this case but is minimized by the mandatory forum selection clause of the agreement.

The fourth factor is neutral. Considering the timing of the lawsuits, the state case was filed first, and thus, the first to obtain jurisdiction over the parties. *See Colorado River*, 424 U.S. at 818. Additionally, there are no facts suggesting Lopez was on notice that IPFS was considering suit against her causing her to "race to the courthouse." *Cf. ELA Med., Inc. v. Arrhythmia Mgmt. Assocs., Inc.*, No. 06-3580 (JNE/SRN), 2007 WL 892517, *12-13 (D. Minn. Mar. 21, 2007) (finding that the state court action filed one week before the federal action was likely the product of a race to the courthouse, that the plaintiffs clearly had notice that the defendant was considering suit against them, and denying motion to dismiss the federal case under *Colorado River*). Considering the progress of each case, the Texas case has progressed passed the motion to dismiss stage, and the federal case, on the other hand, is currently pending in the motion to dismiss phase.

However, "the plaintiff's choice of forum should rarely be disturbed." *Reid–Walen v. Hansen*, 933 F.2d 1390, 1395 (8th Cir. 1991). "[F]ederal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 695 (8th Cir. 1997). Overriding any weight in favor of abstention based on the progress of the state court case, is that IPFS filed this case in a federal forum that comports with the parties' agreed to forum, and

that decision should not be disturbed. Thus considering the progress of the two cases and that the parties agreed to litigate disputes in this forum, the Court finds this factor is neutral.

With respect to the fifth factor, this case involves state law. Only in rare circumstances does the presence of state law issues weigh in favor of abstention. *Federated Rural Elec.*, 48 F.3d at 299. Weighing against abstention is that the agreement dictates Missouri law applies to this contract dispute. The Court finds this factor weighs against abstention.

Lastly, the Court considers whether the state forum can adequately protect IPFS's rights. "[T]here is no presumption that a state court is biased or otherwise inadequate to protect the federal plaintiff's rights." *U. S. Fid. & Guar. Co. v. Murphy Oil USA*, 21 F.3d 259, 263 (8th Cir. 1994). This factor only counts for or against abstention where "one of the forums is *inadequate* to protect a party's rights." *Gov't Emps. Ins. Co. v. Simon*, 917 F.2d 1144, 1149 (8th Cir. 1990) (emphasis in original). There are no facts stating that IPFS could not receive a fair hearing in the Texas court. On the other hand, the Texas court is no better suited to protect IPFS's rights than the federal court. The Court finds this factor is neutral.

Based on the foregoing, No pertinent factor weighs significantly in favor of the state forum over the federal forum, while more factors weigh in favor of the federal forum. In short, a practical evaluation of these factors falls well short of providing the "clearest of justifications [that] will warrant abstention." *Federated Rural Elec. Ins. Corp.*, 48 F.3d at 297. Accordingly, the Court finds exceptional circumstances do not exist in this case.

## Conclusion

The motion to dismiss (Doc. 4) is denied. The Court finds this is a parallel federal and state court action but that exceptional circumstances do not exist that would warrant abstention.

**IT IS SO ORDERED.**

Date: August 22, 2018         /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT